STATE OF WEST VIRGINIA

**J.L.,**
**Petitioner Below, Petitioner**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No. 12-0431** (Webster County 08-P-13)

**David Ballard, Warden,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner J.L.[1], by counsel, Andrew Chattin, appeals the Circuit Court of Webster County's order entered on October 4, 2010, granting in part and denying in part post-conviction habeas relief. Warden Ballard, by the office of the Attorney General, has filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was indicted by the Webster County Grand Jury during the May of 2004 Term on seventeen counts, including seven counts of sexual assault in the first degree, five counts of sexual abuse by a parent, guardian, or custodian, and five counts of incest. He was accused of molesting his son, and states that the allegations arose after he informed his ex-wife and mother of his children that the son was engaging in inappropriate sexual conduct with the son's younger brother. The victim indicated that his father had subjected him to numerous acts of anal penetration from the time he was almost four until he was seven years old. After interviews by CPS and the police, petitioner was arrested. Petitioner pled not guilty but after a trial in October of 2004, he was found guilty of four counts of first degree sexual assault, four counts of sexual abuse by a parent, guardian or custodian, and four counts of incest.

On June 6, 2005, petitioner was sentenced to fifteen to thirty-five years in prison on each of the four counts of sexual assault in the first degree; not less than ten years but not more than twenty years on each of the four counts of sexual abuse by a parent, guardian or custodian; and five to fifteen years on each count of incest. The effective sentence was twenty to fifty years of incarceration. Defense counsel filed post-trial motions, but prior to a hearing on those motions, disagreements between petitioner and counsel arose and his counsel was relieved. Petitioner has

---

[1] Consistent with our practice in cases involving sensitive matters, we use the parties' initials as per *State v. Edward Charles L.*, 183 W.Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

since had approximately seven attorneys appointed, with attorney-client relations deteriorating each time. Petitioner's direct appeal was refused by this Court. Thereafter, petitioner, by counsel, filed a petition for writ of habeas corpus. An omnibus hearing was held on March 19, 2010. On October 4, 2010, the circuit court entered a thirty-six page order granting in part and denying in part post-conviction habeas relief.

This Court reviews appeals of circuit court orders denying habeas corpus relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009).

On appeal, petitioner argues that his trial counsel and appellate counsel were ineffective in various aspects of their representation of petitioner. Petitioner also argues that he was denied his right to a fair trial because the prosecution was not fair and impartial. Finally, he argues that the actions and rulings of the trial court violated the ex post facto principles of the United States and West Virginia Constitutions. In response, Warden Ballard argues that nether petitioner's trial counsel nor his appellate counsel were ineffective, as their actions could be explained by trial strategies and did not rise to the level of ineffectiveness. Warden Ballard also contends that the argument that the prosecution was unfair and impartial is without merit. As to the final assignment of error, Warden Ballard categorizes this error as an attempt to re-frame all of the prior arguments. Moreover, the trial court recognized the original sentence imposed was improper, and petitioner's sentence was reduced.

Petitioner makes no less than thirty-five allegations of ineffective assistance of trial counsel and appellate counsel. Many are in the nature of failing to confront witnesses regarding inconsistent statements, failing to call certain witnesses, and failing to object to statements made by the prosecuting attorney. The circuit court satisfactorily addressed each allegation in detail. Most of the conduct challenged involved trial strategy where alternating and potentially conflicting considerations were present. Many are instances where petitioner's allegations are simply incorrect or unfounded. The overwhelming majority involve the discretion that must be ceded to counsel.

Our review of the record reflects no clear error or abuse of discretion by the circuit court. Having reviewed the circuit court's "Order Granting in Part and Denying in Part Post-Conviction Habeas Corpus Petition" entered on October 4, 2010, we hereby adopt and incorporate the circuit court's well-reasoned findings and conclusions as to the assignments of error raised in this appeal. The Clerk is directed to attach a copy of the circuit court's order to this memorandum decision.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

BOOK #_____
PAGE #_____

12-0431
MD attachment

## IN THE CIRCUIT COURT OF WEBSTER COUNTY, WEST VIRGINIA

J   . A. L
      Petitioner,

v.
                    COPY      Case No.: 08-P-13
                                      Honorable Judge Alsop

DAVID BALLARD, Warden,
Mount Olive Correctional Center,
      Respondent.

## ORDER GRANTING IN PART AND DENYING IN PART POST-CONVICTION HABEAS CORPUS PETITION

This matter came before this Court on the Petition for post-conviction habeas corpus relief filed by Kevin C. Duffy on December 30th, 2009. On the 10th day of February, 2010, Dwayne Vandevender, the Prosecuting Attorney of Webster County, West Virginia, on behalf of the Respondent, filed an Answer to the Amended Petition for Habeas Corpus. Following the filing of the Answer, the Court conducted a thorough review of the record and determined an evidentiary hearing would be needed to fairly and fully adjudicate the Petitioner's claim.

Upon the conclusion of all preliminary matters, an Omnibus Habeas Hearing was held before this Court on the 19th day of March 2010. The Petitioner appeared in person and with counsel, Kevin C. Duffy, and the Respondent appeared by counsel, Dwayne Vandevender, Prosecuting Attorney of Webster County, West Virginia. After carefully considering the evidence, the arguments presented by each party, the parties' briefs, the record of the Petitioner's trial, and pertinent legal authority, the Court has concluded the Petitioner has failed to establish a basis for the relief requested in his Amended Habeas Petition. The reasons for this decision are set forth below.

# I. FINDINGS OF FACT

1. The Court takes judicial notice of all proceedings and the record in the underlying case, to wit: 04-F-34.

2. The Circuit Court of Webster County, West Virginia has proper jurisdiction in this matter pursuant to W.Va. Code §53-4A-1 – 13 et. seq.

3. The petitioner was charged in case number 04-F-34 with the felonious offenses of seven (7) counts of First Degree Sexual Assault, five (5) counts of Sexual Abuse by a Parent, Guardian or Custodian, and five (5) counts of Incest, in a seventeen count indictment returned by a Grand Jury on May 4, 2004, in Webster County, West Virginia.

4. The case was tried on October 5 and 6, 2004 in the Circuit Court of Webster County, West Virginia. On October 6, 2004, a petit jury returned a verdict finding the Petitioner guilty of twelve (12) of the felony counts contained in the indictment. Specifically, four (4) counts of First Degree Sexual Assault, four (4) counts of Sexual Abuse by a Parent, Guardian, or Custodian, and four (4) counts of Incest.

5. This Court sentenced the Petitioner by Order entered on the 13th day of June, 2005.

6. The Petitioner was sentenced as follows:

   a. Counts One, Four, Eight, and Fourteen: Sexual Assault in the First Degree, not less than fifteen (15) years but not more than thirty-five (35) years, per count;

   b. Counts Two, Six, Nine, and Sixteen: Sexual Abuse by a Parent, Guardian or Custodian, not less than ten (10) years but not more than (20) years, per count;

   c. Counts Three, Seven, Ten, and Seventeen: Incest, not less than five (5) years but not more than fifteen (15) years, per count.

7. This Court ordered the sentences for Counts One and Seven of the Indictment would run consecutively to each other.

8. This Court further ordered that the sentences related to Petitioner's convictions of Counts Two, Three, Four, Six, Eight, Nine, Ten, Fourteen, Sixteen, and Seventeen would run concurrently to each other and concurrently to the sentences on Counts One and Seven. In effect, the Court sentenced Petitioner to a term of not less than twenty (20) years but not more than fifty (50) years in the penitentiary.

9. This Court entered a Commitment Order on June 14, 2005 that reflected the Sentencing Order entered on June 13, 2005.

## II. PRELIMINARY LEGAL AUTHORITY

In post-conviction habeas corpus claims, the Petitioner is required to meet three preliminary standards before their claim will be recognized. "A habeas corpus proceeding is not a substitute for a writ of error in that ordinary trial error not involving constitutional violations will not be reviewed." *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). Therefore, the first requirement for post-conviction habeas corpus requires the Petitioner to allege that he or she has been denied a constitutional right. In this case, the Petitioner makes numerous allegations regarding the denial of various constitutional rights. Each of these allegations along with the alleged constitutional violations will be discussed more thoroughly in this Court's Discussion section below. This Court recognizes that based on the allegations contained in the Amended Omnibus Habeas Petition, the Petitioner has satisfied the first requirement by alleging a violation of his constitutional rights.

3

The Petitioner must next show the alleged constitutional violation has not been previously and finally adjudicated or waived, and thus barred by W.Va. Code §53-4A-1 (b)(c) [1967]. In this case Petitioner alleges forty-seven grounds in which his constitutional rights were violated. Trial counsel did not allege any of the forty-seven constitutional violations raised in Petitioner's Amended Omnibus Habeas Corpus Petition before in any other Habeas proceedings in the underlying case, to wit: 04-F-34. Additionally, this Court has not decided any claims regarding ineffective assistance of counsel; therefore, this Court has not previously decided said claims. Thus Petitioner has satisfied the second preliminary requirement.

Finally, the Court must determine whether the Petitioner has previously waived his rights with regard to the grounds alleged in the Amended Omnibus Habeas Petition. The Petitioner in this case has not waived any of his constitutional rights under the alleged grounds of the Amended Petition; therefore, the third preliminary requirement has been met.

With these three preliminary standards satisfied, this Court proceeded to consider the merits of the claims alleged in Petitioner's Amended Omnibus Habeas Petition.

### III. PETITIONER'S GROUNDS FOR RELIEF

The Petitioner raises three main issues in his writ of habeas corpus: 1) Ineffective assistance of counsel, both at the trial and appellate levels; 2) Denial of due process and denial of a fair trial based on prejudicial actions by the Prosecuting Attorney; and 3) Denial of due process rights and the right to a fair trial because the actions and rulings of the trial court violated ex post facto principles. Petitioner advances these arguments under both the United States Constitution and the West Virginia Constitution. To prevail in post-conviction habeas corpus proceedings the "Petitioner has the burden of proving, by a preponderance of the evidence, the allegations

4

contained in his petition or affidavit which would warrant his release." *State ex rel. Scott v. Boles*, Syllabus pt. 1, 150 W.Va. 435, 147 S.E.2d 486 (1966). This Court will address each of these issues, and any sub-issues that may arise, in turn.

## A. INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner alleges numerous grounds, both at the trial and appellate levels, in which he was denied effective assistance of counsel. The West Virginia test by which claims of ineffective assistance of counsel are evaluated is set forth in *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995) and *Strickland v. Washington*, 446 S.E.2d 669 (1984). This two-prong test requires an appellant or habeas petitioner claiming ineffective assistance of counsel to prove: (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. In applying the "objectiveness standard," found in part one of this test, the Supreme Court has held that "a reviewing court must ask whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue." *Id.*, Syllabus pt. 6, in part. After thoroughly reviewing the record under the standard set forth above, this Court finds all of Petitioner's claims to be without merit. This Court will address each of these concerns regarding both trial counsel and appellate counsel below.

## i. TRIAL COUNSEL

Petitioner complains that trial counsel's gross ineffectiveness resulted in a denial of his due process rights under the Fifth Amendment of the United States Constitution and Article 3 §

5

10 of the West Virginia Constitution. Additionally, Petitioner claims he was denied his right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and Article 3 § 14 of the West Virginia Constitution. Petitioner specifically alleges thirty-one grounds in which trial counsel was ineffective. This Court will address each allegation in turn.

### Ground One

Petitioner contends that trial counsel failed to confront the responding deputy regarding inconsistent testimony, given at the preliminary hearing and then at trial, about the CPS worker that initially interviewed the children, amounting to ineffective assistance of counsel. There is evidence of conflicting testimony in the trial transcript; however, under the standard issued in *Strickland v. Washington*, trial counsel's failure to solicit information regarding the inconsistent testimony does not rise to the level of ineffective assistance of counsel. In *State v. Thomas*, the Court concluded that in light of counsel's performance the Court must consider strategy and tactic in determining if his conduct can be deemed in the best interest of his client; and effective assistance will be found unless no reasonably qualified defense attorney would have so acted in the defense of the accused. *Syl. Pt. 21*, 157 W.Va. 640, 230 S.E.2d 445 (1974); *State v. Wilson*, 190 W.Va. 583, 439 S.E.2d 448 (1993). The fact that the deputy did not recall the name of the CPS worker that initially interviewed these children is not highly relevant and does not call her veracity into question. This Court does not find trial counsel's actions deficient and further finds trial counsel was acting as a reasonably qualified defense attorney. Accordingly, Petitioner's argument with regard to Ground One fails.

### Ground Two

Petitioner argues that trial counsel was ineffective when he failed to file a Motion in Limine to preclude the mention and/or use of a video interview of the victim. Petitioner claims

6

that trial counsel was aware of the potential harm of this video but failed to object to its admission. The record reflects that the video interview was never shown to the jury and was merely referred to throughout the court proceedings. Additionally, trial counsel objected to the admissibility of said tape into evidence to ensure the jury would not be prejudiced against Petitioner after viewing said video. This Court finds that a reasonably skilled criminal attorney would have acted as trial counsel did. Trial counsel was compliant with the Strickland/Miller standard. Accordingly, Petitioner's argument fails as to Ground Two.

## Ground Three

Petitioner again argues that trial counsel's failure to cross-examine the responding deputy regarding her inconsistent testimony about the CPS worker who initially responded to the investigation amounts to ineffective assistance of counsel. As stated above, under *Strickland v. Washington*, Petitioner must prove both elements of the two-prong test. Again, this Court finds that it is irrelevant which CPS worker initially responded to the investigation of this case. The responding deputy's veracity would not be called into question merely because she misstated the name of the CPS worker that initially requested an investigation of Petitioner. Trial counsel's strategy in trying not to badger the deputy and offend the jury is clearly reasonable. This Court again finds counsel did not act deficiently under the facts of this case. Accordingly, Petitioner's argument fails as to Ground Three.

## Ground Four

Petitioner claims he was denied effective assistance of counsel because trial counsel failed to personally meet with and engage in meaningful discussion with the Petitioner prior to the preliminary hearing, and failed to subpoena the victim to testify at the preliminary hearing. There is nothing in the record to support Petitioner's contentions. This Court recognizes no

authority that states counsel must meet in person with their client prior to the preliminary hearing. The record indicates, and Petitioner stipulates, that trial counsel spoke via telephone with him regarding the charges that were to be addressed at the preliminary hearing prior to such proceeding. Additionally, trial counsel met with Petitioner on the day of the preliminary hearing prior to that proceeding. This Court finds these attorney-client interactions to be enough to constitute effective assistance of counsel prior to the preliminary hearing.

Further, the choice whether to subpoena the child victim to testify at the preliminary hearing was entirely within trial counsel's discretion. Child victims are very sensitive and can invoke extreme emotions in jurors. Therefore as part of his future trial strategy, trial counsel chose not to require the child victim to participate in the preliminary hearing as it would have an adverse effect on his client in later proceedings.

Petitioner also advances there was a complete lack of communication between trial counsel and Petitioner throughout trial proceedings until trial counsel was relieved from further representation. After reviewing the record, this Court finds no evidence that trial counsel did not adequately communicate with Petitioner. Accordingly, Petitioner's argument fails as to Ground Four.

## Ground Five

Petitioner alleges trial counsel was ineffective when he failed to object to and move for a mistrial when the Prosecuting Attorney misstated the testimony of the victim in his closing argument. In assessing whether trial counsel's representation was deficient for purposes of an ineffective assistance of counsel claim, "a reviewing court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 S.E.2d 669 (1984). The misstatement in this case stems from

8

whether the first alleged incident of sexual misconduct occurred in West Virginia or Ohio. Again trial counsel's strategy must be recognized. This Court has concluded that deciding when to object to inconsistent testimony such as this is within the wide range of reasonable professional assistance. Trial counsel has the discretion to object to such testimony and may choose not to do so in an effort to ensure the jury does not adversely view his client, in this case the Petitioner. Accordingly this Court finds trial counsel did not act unreasonably and Petitioner's argument fails as to Ground Five.

## Ground Six

Petitioner again alleges trial counsel was ineffective when he failed to impeach the responding deputy regarding inconsistent statements made during the investigation of this case. Petitioner further contends trial counsel was ineffective when he failed to call key witnesses to contradict the statements of the deputy, regardless of strategy or tactic. Petitioner claims to have obtained statements from two witnesses that would directly contradict the information contained in the State of West Virginia's discovery. This Court has concluded that deciding which witnesses to call to testify is a completely discretionary matter to be decided by trial counsel. Again, in *State v. Thomas*, the Court concluded counsel's trial strategy and tactic must be considered in determining if his conduct was in the best interest of his client. *Syl. Pt. 21*, 157 W.Va. 640, 230 S.E.2d 445 (1974); *State v. Wilson*, 190 W.Va. 583, 439 S.E.2d 448 (1993).

In this case, trial counsel may have chosen not to call these two witnesses because although their testimony regarding this issue may have been beneficial to Petitioner, other testimony that may have been solicited could have been unfavorable to Petitioner. Particularly the fact that Petitioner borrowed X-rated movies from these two witnesses could be viewed as adequate reasoning for not calling the two individuals as witnesses, especially when the

9

Petitioner is on trial for sexual misconduct. Accordingly this Court finds trial counsel acted within the professional standards of a qualified criminal law attorney and Petitioner's argument fails as to Ground Six.

## Ground Seven

Petitioner complains he was denied effective assistance of counsel when trial counsel failed to object to the Prosecuting Attorney's misstatement of expert witness testimony during his closing argument. In assessing whether trial counsel's representation was deficient for purposes of an ineffective assistance of counsel claim, both elements of the Strickland/Miller test must be satisfied. In this case, the Petitioner contends the Prosecutor misstated certain testimony from medical expert Dr. Hardway regarding whether an examination of the victim revealed rectal scarring. The record indicates Dr. Hardway did not use the term rectal scarring but did state that he found a skin tag on the victim's rectum during the victim's examination. Dr. Hardway also stated that such a scar was consistent with sexual abuse, but there were also other potential causes.

The record reflects that during closing arguments the Prosecutor did say a "skin tag, a scar" was found on the victim. *Trial Transcript, Page 311, Line 20.* However, the jury was exposed to the testimony of Dr. Hardway during Petitioner's trial regarding this issue. This Court is of the opinion counsel was not ineffective when he failed to object during the Prosecuting Attorney's closing argument. Determining when to object is within the discretion of trial counsel pursuant to trial strategy and tactic. Accordingly, Petitioner's argument fails as to Ground Seven.

10

## Ground Eight

Petitioner alleges ineffective assistance of counsel because prior to cross-examination, trial counsel failed to move for the production of statements made by witnesses regarding reports referenced during testimony. Specifically, Petitioner claims trial counsel did not request and review the police report related to the investigation, and did not review the study referenced by the medical expert before cross examination on these matters. Again the Strickland/Miller test will be applied, and counsel's trial strategy must be considered.

After reviewing the record, it is clear trial counsel did in fact request the police report in his initial Discovery Motion sent to the Prosecuting Attorney on May 21, 2004. Further, the record indicates the Police Report was sent to trial counsel along with State's Response to Defendant's Discovery Motion on June 9, 2004. Accordingly, Petitioner's argument fails because trial counsel had requested and reviewed the police report prior to Petitioner's trial. Additionally, the record indicates trial counsel was aware Dr. Hardway would be called as a medical expert at Petitioner's trial. Under the facts of this case, trial counsel acted reasonably as it is in the discretion of counsel to decide what questions to ask on cross examination. Based on these circumstances, this Court believes trial counsel did not act deficiently under an objective standard and therefore did not unfairly prejudice the Petitioner. Accordingly, Petitioner's argument fails as to Ground Eight.

## Ground Nine

Petitioner contends that trial counsel was ineffective when he failed to request and review the medical file of the alleged victim both prior to trial and during cross examination of the medical expert at trial. Petitioner claims he was unfairly prejudiced by the contents of those

11

medical records and that trial counsel should have obtained his own expert to review the records. Petitioner also claims the State failed to produce the records as requested in discovery.

Based on a review of the record, this Court finds that said records were never admitted into evidence to be viewed by the jury. Additionally, it is customary for a medical expert to have the records of his patient with him while testifying. Although counsel failed to obtain additional expert testimony this may be attributed to his trial strategy because the State's expert had also been the victim's treating physician for many years and therefore was the most familiar with the case. Further, the record reflects that Dr. James J. Burns was subpoenaed by trial counsel to testify regarding his examination of the victim. Therefore, this Court finds Petitioner's argument is without merit and fails as to Ground Nine.

## Ground Ten

Petitioner asserts ineffective assistance of counsel based on trial counsel's inadequate investigation of the victim's medical background. Trial counsel may not have probed into the victim's background in effort to ensure the jury did not view his client in an adverse manner. As part of his trial strategy counsel could have easily chosen not to introduce evidence of past medical conditions that may have affected the victim because the jury may view this as trial counsel inferring the victim is not truthful. In turn, making it appear that trial counsel is re-victimizing the victim which would adversely affect the Petitioner.

Additionally, Petitioner asserts that trial counsel did not obtain the medical records regarding the prior medical conditions of the victim. The victim suffered from ADHD and this is irrelevant to the claims made against Petitioner. Petitioner claims counsel could have made use of this information to procure favorable testimony in this case. This Court recognizes no manner in which the evidence of the victim's ADHD could have been used to change the outcome of

12

Petitioner's case. The Court finds trial counsel acted appropriately under the circumstances. Accordingly, Petitioner's argument fails as to Ground Ten.

## Ground Eleven

Petitioner claims ineffective assistance of counsel because trial counsel failed to timely subpoena both Dr. James J. Burns and the medical records from his office. Petitioner claims that Dr. Burns' testimony would have corroborated his contention that he did not commit the acts alleged in the indictment. The record indicates that trial counsel did subpoena Dr. Burns but he was unavailable to testify. Additionally, a letter detailing the findings of Dr. Burns' examination was introduced and heard by the jury at trial as Defendant's Exhibit 1. Further, Dr. Burns' findings were the same as Dr. Hardway's who served as the medical expert for the State. Therefore, it was entirely reasonable behavior for trial counsel not to request a continuance based on Dr. Burns unavailability because the evidence and testimony he would have provided were already admitted to the jury. Additionally, this evidence was admitted without being subject to cross-examination by the State, clearly to the Petitioner's benefit. Accordingly, Petitioner's argument fails as to Ground Eleven.

## Ground Twelve

Petitioner alleges trial counsel was ineffective because he failed to hire a private investigator to further examine the allegations contained in the indictment. This Court has never held that a private investigator must be hired to investigate the allegations of an indictment in order to fully protect the constitutional rights of the accused. It is entirely within counsel's discretion whether a private investigator will be beneficial to his client's case. Therefore, this Court finds counsel was not deficient in his action of choosing not to hire a private investigator. Accordingly, Petitioner's argument is without merit and fails as to Ground Twelve.

13

## Ground Thirteen

Petitioner contends trial counsel was ineffective when he failed to obtain expert witnesses in the fields of pediatrics, sexual abuse, and psychology or psychiatry, to review the medical records presented by the State's expert. Traditionally, both parties will elicit the expert advice of a medical professional, but the Court finds no statutory authority or case law that requires this action. Therefore, if trial counsel finds it unnecessary to use such persons, this Court will not find such action unreasonable under the *Strickland/Miller* test. Additionally, in this case, Dr. Burns examined the victim and reported results similar to those of Dr. Hardway, the victim's treating physician. Thus two medical professionals reported very similar findings. In an effort not to waste this Court's time and resources, trial counsel found it in Petitioner's best interest not to elicit the opinion of additional medical professionals, especially since Petitioner agreed with the findings and letter to Dr. Hardway from Dr. Burns.

Furthermore, the record indicates that trial counsel did in fact mention the possible need for an independent medical expert, but then stated that "the factual evidence of a treating physician might suffice." (See *September 15, 2004 Pre-trial Hearing Transcript, Page 4*) As previously stated, Dr. Hardway had been the victim's treating physician and was therefore the one most familiar with his medical history. Trial counsel adequately questioned Dr. Hardway during the trial proceedings, fulfilling his duty to fully and adequately represent Petitioner. Accordingly, Petitioner's argument fails as to Ground Thirteen.

## Ground Fourteen

Petitioner claims trial counsel was again ineffective with regard to procuring an independent medical expert. As stated above under Ground Thirteen, this can be attributed to counsel's trial strategy in which counsel chose not to contradict the treating physician.

14

Additionally, trial counsel did not want to plague the Court with monotonous testimony. Further, trial counsel did not want to subject the victim to additional examinations as the jury could have found this to be a method of harassing the victim, who was a small child. Accordingly, Petitioner's argument fails as to Ground Fourteen.

## Ground Fifteen

Petitioner contends that trial counsel was ineffective because he did properly question medical expert, Dr. Hardway, regarding the role model theory he advanced at trial. Petitioner argues that the sexual act that occurred between Petitioner and the victim and the sexual act that occurred between the victim and his little brother are completely different. However it is within trial counsel's judgment to choose what questions to ask during cross-examination. The overall trial strategy of counsel was to try to keep the jury as neutral as possible regarding Petitioner. Cases involving incest and sexual assault often invoke emotion from all involved, including the jurors. Therefore, in an effort not to enrage the jury, trial counsel chose not to question the medical expert regarding a detail such as what could cause the difference in the sexual acts used in these two incidents. Accordingly this Court finds that counsel did not act unreasonably and as such Petitioner's argument fails as to Ground Fifteen.

## Ground Sixteen

Petitioner again asserts counsel did not subpoena and interview potential witnesses identified by Petitioner resulting in ineffective assistance of counsel. The record in this case shows that trial counsel did subpoena three of the witnesses identified by Petitioner and two of those three appeared and testified at trial. Additionally, trial counsel has complete discretion to subpoena the witnesses he deems appropriate and most favorable to the Petitioner's case. In this case, trial counsel may have chosen not to call all witnesses suggested by Petitioner because their

15

testimony regarding the issues in this case could have been unfavorable to Petitioner. Accordingly the Court finds trial counsel acted within the professional standards of a qualified criminal law attorney and Petitioner's argument fails as to Ground Sixteen.

**Ground Seventeen**

Petitioner alleges trial counsel was ineffective because he did not object to statements made by the Prosecuting Attorney in his closing argument. Petitioner advances three separate statements made by the Prosecutor in which counsel should have objected. First, Petitioner claims that in closing the Prosecutor stated that the Petitioner testified "Oh, I waited until January of 2004 to report it because I didn't want it to seem like I was retaliating against him in this case." *Page 316, Lines 2-4, Trial Transcript.* Petitioner claims the Prosecutor misquoted him and tried to make it appear as if Petitioner only filed a complaint against Dr. Hardway out of retaliation, but waited to do so in an effort to avoid the appearance of retaliation. Petitioner claims counsel should have clarified this was not the case by conducting a re-direct examination of the Petitioner at trial. However, this Court has long recognized that it is within the judgment of counsel to decide what questions to ask. In this case, trial counsel clearly did not deem this statement to be highly prejudicial toward Petitioner. Therefore with regard to this argument, the Court finds trial counsel acted as a reasonably experience criminal law defense attorney.

Petitioner's second and third arguments are that counsel should have objected to the Prosecutor's use of the word liar in reference to the Petitioner. Petitioner claims this was highly prejudicial and grounds for a mistrial. Although liar is a derogatory term this Court has concluded that deciding when to object or move for a mistrial is within the wide range of reasonable professional assistance. Trial counsel has the discretion to object or choose not to do so in an effort to ensure the jury does not adversely view his client. In accordance with his trial

strategy, counsel chose not to object to the Prosecutor's closing argument because the record reflects Petitioner did in fact make contradicting statements and by objecting, counsel would have drawn additional attention to the Prosecutor's statements. Additionally, in *State v. Adkins*, the West Virginia Supreme Court held that Prosecutors may refer to a witness in closing argument as lying, so long as the Prosecutor sticks to the evidence and refrains from giving his personal opinion. 209 W.Va. 212, 544 S.E.2d 914.

After reviewing the trial transcript, this Court is of the opinion the Prosecutor did not state his personal opinion in closing but rather restated the evidence given at trial. Accordingly this Court finds trial counsel did not act unreasonable and Petitioner's argument fails as to Ground Seventeen.

## Ground Eighteen

Petitioner again argues that trial counsel was ineffective based on Petitioner's second and third arguments in Ground Seventeen above. Again, this Court finds counsel was acting pursuant to his trial strategy and did not object in an effort to divert attention away from these statements. Accordingly, for the reasons set forth above, Petitioner's argument fails as to Ground Eighteen.

## Ground Nineteen

Petitioner again argues that trial counsel was wholly ineffective because no reasonable attorney would have allowed the Prosecutor to refer to Petitioner as a "liar" and "boldface liar" during his closing argument. This Court has long recognized that it is proper during closing arguments for attorneys to point out facts that have been founded in evidence, as well as infer facts that can be drawn from the facts and testimony of witnesses. In *State v. Adkins*, the West Virginia Supreme Court held that in closing, Prosecutors may refer to a witness as lying, so long

17

as the Prosecutor sticks to the evidence and refrains from giving his personal opinion. 209 W.Va. 212, 544 S.E.2d 914.

The record reflects Petitioner did offer testimony that contradicted many of the other witnesses regarding some of the issues in this case. Additionally, there is nothing in the record to indicate the Prosecutor used the term "liar" to indicate his personal opinion of the Petitioner. Therefore, although liar is a harsh term, it was not entirely improper to use. In fact, this Court informed the jury that if any witness is untruthful on the stand, their entire testimony can be discredited. Prosecutors are not prohibited from commenting on the credibility of witnesses, but only asserting their personal opinion. *State v. England,* 180 W.Va. 342, 376 S.E.2d 548. Therefore, by restating the evidence, the Prosecutor was acting within his boundaries during his closing argument, and any objection by trial counsel would have been overruled. Accordingly, Petitioner's argument fails as to Ground Nineteen.

## Ground Twenty

Petitioner complains he was denied effective assistance of counsel when trial counsel failed to file a Motion in Limine to preclude the introduction of State's Exhibit One and additionally failed to object to the same at trial. Petitioner argues the sheet of paper with the word "Dad" on it, marked as State's Exhibit One was highly prejudicial and could have been more adequately explained by the victim. The record clearly indicates that a foundation regarding the contents of State's Exhibit One was properly laid, and therefore State's Exhibit One was properly admitted into evidence. Although the aforementioned exhibit may have been prejudicial toward Petitioner it was properly founded and admitted. The Court finds trial counsel was not deficient and acted as a reasonable criminal attorney would have. Accordingly, Petitioner's argument fails as to Ground Twenty.

18

## Ground Twenty-One

Petitioner complains trial counsel was ineffective because trial counsel failed to interview a vital witness, the Petitioner's daughter, prior to her testifying at trial in Case No.: 04-F-34. Additionally, Petitioner argues that had trial counsel met with Petitioner's daughter he would have known her testimony was not favorable to Petitioner. However in Ground Sixteen, Petitioner states that he provided the name of A      L     , his daughter, as a potential witness for his case. The record confirms that trial counsel did meet with Ms. L      the first day of Petitioner's trial, prior to. calling her as a witness. Further the record does not indicate that Ms. L;     told trial counsel her testimony would be either favorable or unfavorable. (*Page 129, Lines 20-23, May 25, 2005 Transcript, Case No.: 04-F-34*) The Court finds Petitioner can not request trial counsel to subpoena a witness and then in turn file an ineffective assistance of counsel claim against him. Accordingly, Petitioner's argument fails as to Ground Twenty-One.

## Ground Twenty-Two

Petitioner alleges trial counsel failed to object to the submission of a redacted copy of the indictment to the jury, resulting in ineffective assistance of counsel. Petitioner argues that allowing the jury to see a full seventeen count indictment was prejudicial and resulted in a bias opinion from the jury. Petitioner argues a new twelve count indictment should have been given to the jury.

There is no evidence before this Court that supports Petitioner's contention. There is nothing in the record to indicate that a twelve count indictment would have resulted in a different outcome. Additionally, Counts Five, Eleven Twelve, Thirteen, and Fifteen were redacted from the indictment and the jury was instructed not to review those Counts. Therefore, this Court

19

finds trial counsel was not deficient in his representation under these facts. Accordingly, Petitioner's argument fails as to Ground Twenty-Two.

## Ground Twenty-Three

Petitioner argues counsel should have objected to the submission of the verdict form containing seventeen counts. Petitioner contends the verdict form should have been renumbered to reflect twelve counts, the number the jury was to consider. Again as stated in Ground Twenty-Two above there is nothing in the record to indicate that re-numbering the verdict form would have produced a different result. Accordingly, Petitioner's argument fails as to Ground Twenty-Three.

## Ground Twenty-Four

Petitioner argues trial counsel was ineffective when he failed to impeach the child victim based on inconsistent statements. The inconsistent testimony to which Petitioner refers relates to where the first incident of the alleged sexual abuse occurred. At trial the victim testified that the first assault occurred in West Virginia (*See Page 135, Lines 7-11, Trial Transcript*); whereas on September 15, 2004, at a recorded interview, he claimed the first incident occurred in Ohio. Clearly this is contradictory testimony, but it was within counsel's trial strategy not to probe too deeply into this contradiction. Petitioner had frequently been traveling between West Virginia and Ohio when the alleged sexual abuse occurred; so a five or six year old could easily confuse the place where the first incident of sexual abuse occurred. This is clearly a traumatic event for a child and therefore, could easily cause confusion in a young person's mind.

Further a jury would not look favorably upon an attorney that tries to badger a small child. Trial counsel's strategy in trying not to badger the victim child and offend the jury is

20

clearly reasonable. This Court again finds counsel did not act deficiently under the facts of this case. Accordingly, Petitioner's argument fails as to Ground Twenty-Four.

## Ground Twenty-Five

Petitioner again argues that counsel was ineffective when he failed to impeach the victim based on inconsistent testimony given regarding the cities in which Petitioner lived at the time of the alleged sexual misconduct. Petitioner also provided W-2 forms as a basis to prove his location at the time of the alleged sexual abuse. However, the record indicates that Petitioner was between Ohio and West Virginia numerous times throughout the period of the alleged abuse. As previously stated above in Ground Twenty-Five, jurors do not favor attorneys who try to bully and badger witnesses, especially when those witnesses are children. In this case trial counsel's strategy in not impeaching the witness was to ensure that the jury did not view Petitioner in an adverse manner. Trial counsel's actions were clearly reasonable. Accordingly, Petitioner's argument fails as to Ground Twenty-Five.

## Ground Twenty-Six

Petitioner alleges trial counsel was ineffective in failing to use information provided by Petitioner to challenge the State of West Virginia's use of *Rule 404(b)* testimony. *Rule 404(b)* of the West Virginia Rules of Evidence prohibits the use of wrongs or acts to prove the character of a person in order to show that he or she acted in conformity therewith; while it permits such evidence to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. When reviewing *Rule 404(b)* evidence the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. *State v. McGinnis*, 193 W. Va. 147, 455 S.E.2d 516 (1994).

21

In this case, this Court found that the testimony given by the victim at the *404(b)* hearing was admissible under the *McGinnis* standard. Therefore, although trial counsel had information in the form of W-2 Wage and Tax Statements showing Petitioner's location at the time of the alleged sexual incidents, these documents were not enough to refute the testimony of the victim. Additionally, during trial Petitioner admitted to being back and forth between West Virginia and Ohio at the time of the alleged incidents of misconduct. In light of these circumstances, this Court finds trial counsel was not deficient because he failed use the above stated documents to challenge the admissibility of *404(b)* evidence. Accordingly, Petitioner's argument fails as to Ground Twenty-Six.

### Ground Twenty-Seven

Petitioner again alleges ineffective assistance of counsel based on counsel's failure to impeach the child victim regarding inconsistent testimony. The record shows that the victim did offer inconsistent testimony regarding the West Virginia city where his parents met to exchange him and his younger brother for weekend visitation. The record also indicates testimony from additional witnesses that were contradictory to the victim's statement regarding the city where the exchange took place. However, this is an insignificant fact and a harmless error to Petitioner's trial. As discussed above in Ground Twenty-Five, trial counsel acted accordingly in an effort to protect his client from jury bias. Jurors have an adverse opinion of those who badger child victims. Trial counsel acted as reasonable counsel would. Accordingly, Petitioner's argument fails as to Ground Twenty-Seven.

### Ground Twenty-Eight

Petitioner alleges trial counsel did not make use of Petitioner's W-2 Wage forms and Tax Statements at trial to attack the veracity of the victim. As stated above in Grounds Twenty-Five

22

and Twenty-Seven this directly relates to trial strategy. Trial counsel did not attack the veracity of the victim in an effort to preserve the jury's opinion of the Petitioner. Accordingly, Petitioner's argument fails as to Ground Twenty-Eight.

### Ground Twenty-Nine

Petitioner argues trial counsel was ineffective because he did not request all witnesses be sequestered during the trial. Specifically, Petitioner alleges A    L    's testimony was influenced by the testimony of others, especially the victim. There is nothing in the record to indicate that Ms. L    was unduly influenced by the testimony of other witnesses. Additionally, Petitioner requested trial counsel call Ms. L    as a witness. Therefore, trial counsel was acting pursuant to Petitioner's request and this Court recognizes no mandatory authority that requires witnesses in cases such as this to be sequestered. Accordingly, Petitioner's argument fails as to Ground Twenty-Nine.

### Ground Thirty

Petitioner claims trial counsel was ineffective because he failed to call two witnesses that were properly subpoenaed and available to testify. As stated above in Ground Six, decisions on whether or not to call a witness are completely within trial counsel's discretion. Trial counsel may have chosen not to call these two witnesses because although their testimony regarding certain issues may have been beneficial to Petitioner, other testimony that may have been solicited could have been unfavorable to Petitioner. Particularly the fact that Petitioner borrowed X-rated movies from these two witnesses could be viewed as adequate reasoning for not calling the two individuals as witnesses. Accordingly this Court finds trial counsel acted within the professional standards of a qualified criminal law attorney and Petitioner's argument fails as to Ground Thirty.

23

## Ground Thirty-One

Petitioner's final claim regarding trial counsel's ineffectiveness is that trial counsel failed to properly interview Parris Hamrick. Petitioner contends that Parris Hamrick was interviewed by the Prosecuting Attorney and asked to solicit information from Petitioner about the information alleged in the indictment of Case No.: 04-F-34. Nothing in the record supports this contention and additionally, Mr. Hamrick was not called to testify at trial in Case No.: 04-F-34. Further, Petitioner's Amended Petition for an Omnibus Writ of Habeas Corpus Ad Subjuciendum states that this information is "based upon Petitioner's belief." Petitioner's belief that said interview occurred is not enough to meet the standard of proof required. Accordingly this Court finds Petitioner's beliefs not to be a ground on which to grant relief. Petitioner's argument as to Ground Thirty-One fails.

## Conclusion of Grounds One through Thirty-One

After reviewing the record and all evidence, the Court concludes that trial counsel was not ineffective as asserted by Petitioner, but was instead acting within the strategic and tactical boundaries of a reasonable defense attorney in his position. Trial counsel adequately represented the Petitioner and even if trial counsel had performed all the aforementioned actions requested by Petitioner, the Petitioner can not prove by a preponderance of the evidence that the results in this case would have been different.

## ii. APPELLATE COUNSEL

In determining appropriate relief in habeas corpus for ineffective assistance of counsel at the appellate stage, the court should consider whether there is a probability of actual injury as a result of such ineffective assistance. *Cannellas v. McKenzie*, 160 W.Va. 431, 236 S.E.2d 327

24

(1977). Petitioner alleges four grounds in which appellate counsel was ineffective, resulting in a denial of his due process related to his petition for appeal in Case No.: 04-F-34. The Court finds Petitioner's arguments are without merit and each are addressed more fully below.

### Ground One

Petitioner alleges, as he did with trial counsel, that appellate counsel was ineffective because he failed to challenge the trial court's ruling on the admissibility of *Rule 404(b)* evidence. Again this Court will find the *McGinnis* standard the applicable standard. Decisions regarding *Rule 404(b)* evidence are entirely within the discretion of the trial court. In this case, allowing testimony regarding the acts of sexual misconduct that occurred in Ohio are completely within the boundaries of admissible evidence under *Rule 404(b)* of the West Virginia Rules of Evidence to show Petitioner had the opportunity to commit such acts. Accordingly, this Court finds appellate counsel acted reasonably and Petitioner's argument fails as to Ground One.

### Ground Two

Petitioner contends appellate counsel was ineffective because he did not challenge the Prosecuting Attorney's statements regarding Petitioner's veracity. As stated below, this Court has found that the Prosecutor's use of word "liar" in reference to Petitioner may have been improper but is not grounds for reversal. The Supreme Court of Appeals has found the purpose and scope of closing argument requires counsel to be given great latitude. *Jones v. Setser*, 224 W.Va. 483, 686 S.E.2d 623 (2009). The Court further recognized counsel must not make statements that are calculated to inflame, prejudice, or mislead the jury. *Id.*

There is nothing in the record to indicate the Prosecutor made these statements in an effort to enrage the jury, but rather the record indicates that Petitioner did give contradictory testimony throughout the trial proceedings. Therefore, appellate counsel did not prove to be

25

ineffective because he did not object to the Prosecutor's statements made during closing argument. Under *Cannellas*, this Court finds appellate counsel's actions alleged in Ground Two would produce a low probability of actual injury to Petitioner. Accordingly Petitioner's argument fails as to Ground Two.

### Ground Three

Petitioner contends appellate counsel was ineffective when he failed to raise the issue of improper sentencing on appeal. Under West Virginia Code §61-8D-5, Sexual Abuse by a Parent, Guardian, or Custodian, the proper sentence for acts of misconduct committed prior to March 14, 1998 was not less than five (5) years but not more than fifteen (15) years in the penitentiary. In Case No.: 04-F-34, Petitioner was sentenced under the amended West Virginia Code §61-8D-5, which provides for a sentence of not less than ten (10) but not more than twenty (20) years in the penitentiary. This Court recognizes the sentence imposed was improper. This Court finds Petitioner's argument with regard to Ground Three has merit and as a result his sentence relating to the four counts of Sexual Abuse by a Parent, Guardian, or Custodian will be reduced to the proper range.

### Ground Four

Petitioner asserts that all issues raised in the petition for appeal should be reasserted in this habeas petition because these claims were not subject to final adjudication. However, the Supreme Court has held that a habeas corpus proceeding is not a substitute for ordinary trial error and only errors involving constitutional violations will be reviewed. *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). In this case, this Court has addressed all issues raised regarding constitutional error. Petitioner's previous claims raised on appeal cannot be

26

reasserted in this habeas corpus proceeding. Accordingly, Petitioner's assertion fails as to Ground Four.

## Conclusion of Grounds One through Four

After reviewing the record and all evidence, this Court concludes that appellate counsel was not ineffective as asserted by Petitioner. Appellate counsel adequately represented Petitioner and even if appellate counsel had performed all the aforementioned actions requested by Petitioner, the Petitioner can not prove by a preponderance of the evidence that actual injury amounting to a reversal occurred.

## B. PREJUDICIAL ACTIONS OF PROSECUTING ATTORNEY

Petitioner alleges five grounds in which the prejudicial acts of the Prosecuting Attorney resulted in the denial of his due process under the Fourteenth Amendment of the United States Constitution and his right to a fair and impartial trial as guaranteed by the Sixth Amendment of the United States Constitution. The Court will address each allegation in turn.

## Ground One

The Petitioner complains the Prosecuting Attorney violated his duty to remain fair and impartial during post-trial proceedings, resulting in prejudice toward the Petitioner. Specifically, Petitioner contends the State of West Virginia, namely the Prosecuting Attorney, misinformed Christy Butcher, a witness at the sentencing hearing, of testimony given by Petitioner. Petitioner asserts that had she not been misinformed her testimony would have been similar to Petitioner's. Petitioner claims that this conduct, when viewed with the entirety of the case, demonstrates a pattern practice of bias toward Petitioner.

After reviewing the record and testimony given by both Ms. Butcher and Petitioner it appears that their testimony was contradictory. The record indicates that Petitioner was questioned regarding his contact with Ms. Butcher at the Post-Trial Motion Hearing on February 15, 2005. *See Pages 33 – 34, 2/15/05 Transcript, Case No.: 04-F-34*. Ms. Butcher was not questioned regarding the same contact until the Sentencing Hearing on June 6, 2005. *See Page 12, Lines 13 -18, 6/6/05 Transcript, Case No.: 04-F-34*. Petitioner has not provided any evidence to show that the Prosecutor acted with any bias or impartiality toward the Petitioner when the Prosecutor asked Ms. Butcher about her contact with Petitioner. There is no evidence in the record to indicate the Prosecutor influenced the testimony of Ms. Butcher in any way. Accordingly, Petitioner's argument as to Ground One fails.

## Ground Two

Petitioner contends that the Prosecuting Attorney interacted with the victim and the victim's mother on a personal level creating impartiality and bias toward the Petitioner resulting in an unfair trial. Petitioner makes several allegations against the Prosecutor which he recited in a complaint to the West Virginia Office of Disciplinary Counsel. The Disciplinary Counsel found the allegations made by Petitioner against the Prosecuting Attorney warranted no action. Additionally, there is nothing in the record to support Petitioner's claim that the Prosecutor failed to remain fair and impartial based on these actions. Accordingly, Petitioner's argument fails as to Ground Two.

## Ground Three

Petitioner claims the Prosecutor failed to produce all statements taken from C L resulting in an unfair trial. Petitioner contends that the his trial counsel was not able to fully prepare for trial because he did not receive all the information the State of West Virginia

28

had obtained during its investigation of Case No.: 04-F-34. There is no evidence before this Court or in the record that supports Petitioner's contention. The State of West Virginia is required to produce all evidence requested in Discovery. Petitioner provides no evidence that the Prosecuting Attorney of Webster County, West Virginia did not fully comply with all Petitioner's requests for information. Accordingly, Petitioner's argument fails as to Ground Three.

### Ground Four

Petitioner contends that the Prosecutor misstated the testimony of the medical expert resulting in an abandonment of the Prosecutor's duty to be fair and unbiased. During post-trial motions the Prosecutor stated that the medical expert testified that during his examination of the victim he found "a scar of some sort, an anal scar, that was consistent with sexual abuse." After reviewing the record it appears that the medical expert did not testify to finding a scar but did discuss his findings of a skin tag, which can be consistent with sexual abuse. Therefore, although the Prosecuting Attorney did not use the same terminology as the medical expert during post-trial motions, there is no indication the Petitioner was prejudiced in any manner. Additionally, the Prosecuting Attorney recognized the medical expert's testimony that there were other potential causes for the skin tag. This Court will also note that this statement was not made in the presence of a jury, but as stated above occurred only in the presence of the court during post-trial proceedings. Accordingly, this Court finds Petitioner did not present sufficient testimony to show that he was prejudiced by this statement and Petitioner's argument fails as to Ground Four.

## Ground Five

The Petitioner alleges that throughout his trial and during closing arguments, the Prosecutor improperly made references to the jury regarding the veracity of Petitioner and Petitioner's testimony. Petitioner further contends the Prosecutor made prejudicial statements regarding the testimony of other witnesses during the court proceedings.

There are four factors that "are taken into account in determining whether improper prosecutorial comment is so damaging as to require reversal : (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength and competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters." *Syl. Pt. 5, State v. Sugg*, 193 W.Va. 388; 456 S.E.2d 469 (1995).

This Court is of the opinion that the Prosecutor's statements to the jury were a summary of the facts in this case and therefore were not improper. Additionally, although the Prosecutor's reference to the Petitioner as a liar may have been improper it is not grounds for a reversal under *Sugg*. In *State v. Adkins*, the West Virginia Supreme Court held that in closing, Prosecutors may refer to a witness as lying, so long as the Prosecutor sticks to the evidence and refrains from giving his personal opinion. 209 W.Va. 212, 544 S.E.2d 914. The record indicates Petitioner gave contradicting testimony which would call his veracity in to question. Accordingly this Court finds that the Prosecutor's closing argument and comments made throughout the trial pass the test set forth under *Sugg*, and Petitioner's argument as to Ground Five is without merit.

30

**Conclusion of Grounds One through Five**

After reviewing the record and all evidence, this Court concludes the Prosecuting Attorney's alleged actions of misconduct and impartiality did not violate Petitioner's constitutional rights. Specifically, Petitioner's due process rights and right to fair and impartial trial were not violated or prejudiced by the Prosecuting Attorney's remarks or actions. Petitioner can not prove by a preponderance of the evidence that the alleged improper prosecutorial actions were so damaging and prejudicial as to require reversal.

## C. TRIAL COURT VIOLATIONS

Petitioner alleges eight grounds in which the trial court violated his constitutional rights. Specifically, Petitioner claims the trial court violated the ex post facto principles under Article 1 § 9 of the United States Constitution and Article 3 § 4 of the West Virginia Constitution. After a thorough review of the record, it is clear that the trial court did impose an incorrect sentence with regard to the four counts of Sexual Abuse by a Parent, Guardian, or Custodian and reversal is required. This Court will further address each claim below.

**Ground One**

Petitioner alleges the sentence imposed by the trial court for each of his four convictions for Sexual Abuse by a Parent, Guardian, or Custodian was incorrect. Petitioner was sentenced to not less than ten (10) years and not more than twenty (20) years in the penitentiary for each count of Sexual Abuse by a Parent, Guardian, or Custodian under the amended West Virginia Code, 61-8D-5. However, 61-8D-5 of the West Virginia Code was amended subsequent to the acts committed by Petitioner and the appropriate sentence prior to the amendment was not less than five (5) years but not more than fifteen (15) years. Accordingly, the original sentence for each

31

count of Sexual Abuse by a Parent, Guardian, or Custodian will be set aside and the Petitioner will be sentenced to not less than five (5) but not more than fifteen (15) years in the penitentiary for each count. Additionally, both the Sentencing Order and the Commitment Order shall be modified to reflect the correct sentence.

## Ground Two

Petitioner contends the trial court should have corrected the Prosecuting Attorney when he misstated the testimony of Dr. Hardway during post-trial proceedings. Petitioner claims the misstatement of this testimony resulted in an unfair and highly partial outcome. However, as discussed above, the record reflects that Dr. Hardway did testify to finding a skin tag on the victim during the victim's examination. In *State v. Messer*, the Court held that it is unprofessional conduct for the prosecutor to intentionally misstate the evidence or mislead the jury as to the inferences it may draw. 223 W.Va. 197, 672 S.E.2d 333. There is nothing in the record to indicate the Prosecutor made this statement to intentionally mislead any member of the court. It is entirely reasonable for an individual without a medical background refer to a skin tag as a scar. Further, the Prosecutor made these comments during post-trial proceedings where no jury was present. Accordingly, this Court finds the trial court acted within its discretion and Petitioner's argument fails as to Ground Two.

## Ground Three

Petitioner contends the trial court violated his constitutional due process rights when it failed to declare a mistrial after the Prosecuting Attorney misstated expert witness testimony during closing arguments. As stated above, the *Sugg* test is used to determine if prosecutorial comment is so damaging as to require reversal. All four elements of this test must be met before a reversal is proper and the trial court's determination will be given great deference.

32

Accordingly, this Court finds the trial court acted within its discretion and Petitioner's argument fails as to Ground Three.

## Ground Four

Petitioner contends the trial court violated his constitutional right to a fair trial when it failed to renumber the jury verdict form. As discussed above in Ground Twenty-Two, there is nothing in the record to support that a twelve count indictment form would have resulted in a different outcome. The jury was given a redacted indictment and instructed as to how to review it. This Court finds the trial court acted pursuant to its authority and as such, Petitioner's argument fails as to Ground Four.

## Ground Five

Petitioner asserts the trial court acted in a bias manner during the November 18, 2005, post-trial motions hearing. The record indicates that the trial court did state that trial counsel was wasting time by calling certain witnesses, but the record also shows that counsel's witnesses were providing essentially the same testimony that was already a part of the record. Under *Rule 403* of the West Virginia Rules of Evidence, evidence may be excluded where the result is undue delay, waste of time, or needless presentation of cumulative evidence. Accordingly, this Court finds the under *Rule 403*, the trial court was not acting in a bias manner when it made this statement. Petitioner's argument fails as to Ground Five.

## Ground Six

Petitioner alleges the trial court violated his constitutional right to fair trial when the trial court failed to declare a mistrial after the Prosecuting Attorney's closing argument. Petitioner contends he was highly prejudiced when the Prosecuting Attorney referred to him as a "liar" and "boldface liar" and the trial court should have declared a mistrial based on these statements. As

33

discussed above, this Court is of the opinion that although the Prosecuting Attorney's statements about the Petitioner's veracity were inappropriate, they did not rise to the level of reversal. The Court has held "a judgment of conviction will not be reversed because of improper remarks made by a prosecuting attorney to a jury which do not clearly prejudice the accused or result in manifest injustice." *State v. Ocheltree*, 289 S.E.2d 742; *State v. Adkins*, 209 W.Va. 212, 544 S.E.2d 914.

The trial court was of the opinion the Prosecutor's comments did not clearly prejudice the Petitioner. Therefore, the trial court was under to obligation to unilaterally impose a mistrial when the comments did not rise to the level of reversal under *Sugg*. Accordingly, this Court is of the opinion the trial court did not err when it failed to declare a mistrial and Petitioner's argument fails as to Ground Six.

**Ground Seven**

Petitioner contends the trial court violated his constitutional right to a fair trial when it admitted the State of West Virginia's *Rule 404(b)* evidence. Petitioner claims the probative value of this evidence was highly outweighed by its prejudicial effect. As discussed above in Ground Twenty-Six, under *McGinnis*, when reviewing *Rule 404(b)* evidence the trial court must be satisfied by a preponderance of the evidence that the acts or conduct occurred and that the defendant committed the acts. 193 W. Va. 147, 455 S.E.2d 516 (1994). The trial court in this case found that the testimony given by the victim at the *Rule 404(b)* hearing was admissible under the *McGinnis* standard. Accordingly, this Court finds the trial court acted within its discretion and Petitioner's argument fails as to Ground Seven.

34

## Ground Eight

Petitioner alleges the trial court made numerous errors throughout the trial proceedings, indicating the trial court had reached a predetermined result. There is nothing in the record to support Petitioner's contention. Petitioner alleges three mistakes made by the trial court, none of which were highly prejudicial to Petitioner's case. The allegations contained in Petitioner's Habeas Petition are not errors of a constitutional nature and as such are not grounds in which reversal will be granted. The Supreme Court has held that a habeas corpus proceeding is not a substitute for ordinary trial error and only errors involving constitutional violations will be reviewed. *State ex rel. McMannis v. Mohn*, 163 W.Va. 129, 254 S.E.2d 805 (1979). This Court finds the trial court did not violate or deny Petitioner's constitutional rights and Petitioner's argument fails as to Ground Eight.

## IV. CONCLUSION

It is therefore **ADJUDGED** and **ORDERED** that the guilty verdicts against the Petitioner are valid, and that Petitioner is not entitled to have these verdicts set aside.

It is **ADJUDGED** and **ORDERED** that the following sentences imposed in 04-F-34, are **AFFIRMED**, to wit:

As to Counts One, Four, Eight, and Fourteen, First Degree Sexual Assault, the Petitioner is sentenced to the penitentiary for a term of not less than fifteen (15) but not more than thirty-five (35) years, per count.

As to Counts Three, Seven, Ten, and Seventeen, Incest, the Petitioner is sentenced to the penitentiary for a term of not less than five (5) but not more than fifteen (15) years, per count.

35

As to Counts Two, Six, Nine, and Sixteen, Sexual Abuse by a Parent, Guardian, or Custodian, the Petitioner's original sentence of not less than ten (10) but not more than twenty (20) years, per count, is **SET ASIDE**. Petitioner's amended sentence for these four Counts is not less than five (5) but nor more than fifteen (15) years, per count, in the penitentiary.

It is further **ADJUDGED** and **ORDERED** that Counts One and Seven run consecutively.

It is further **ADJUDGED** and **ORDERED** that Counts Two, Three, Four, Six, Eight, Nine, Ten, Fourteen, Sixteen, and Seventeen run concurrently to each other and concurrently to the aforementioned sentences. The Petitioner shall receive credit for all time served, as set forth in the Sentencing Order in 04-F-34.

The Clerk of this Court is **ORDERED** to issue an amended Sentencing Order and an amended Commitment Order in 04-F-34 consistent herewith.

It is further **ADJUDGED** and **ORDERED** that this matter is dismissed and is stricken from the active docket of this Court.

The Petitioner's objections and exceptions are noted.

The Clerk of this Court shall send certified copies of this Order to counsel of record.

Enter this ___30___ day of September, 2010.

_____
JUDGE JACK ALSOP

... ument is a true and correct ...
f the original on file in my office
Attest: Jeanie Moore
Webster County, West Virginia
By _____
                    Deputy Clerk